Argued Feb. 2, decided April 13, 1909; rehearing denied May 17, 1910.

## DIXON *v.* WARNER VALLEY STOCK CO.

[101 Pac. 189.]

From Lake: HENRY L. BENSON, Judge.

Statement by MR. JUSTICE SLATER.

Plaintiff, S. Dixon, filed a cross-bill in equity to an action in ejectment, brought by the defendant, the Warner Valley Stock Company, a corporation, against plaintiff to recover the possession of the N. ½ of the S. E. ¼, and lots 5 and 8 of section 7, township 40 S., range 24 E., W. M., containing 163.02 acres of land in Lake County, of this State. The pleading and the facts upon which the

case is based, except as hereinafter noted, are substantially the same as those stated in the case of *Morrow* v. *Warner Valley Stock Company,* 56 Or. 312 (101 Pac. 171), with which this case was consolidated, by stipulation of the parties, for the purpose of trial in the lower court and in this court. The decree awarded the land to the defendant, and dismissed the bill for want of equity, from which plaintiff has appealed.          REVERSED.

For appellants there was a brief over the names of *Mr. Andrew M. Crawford, Mr. John H. Hall* and *Mr. Edward B. Watson,* with oral arguments by *Mr. Crawford* and *Mr. Watson.*

For respondents there was a brief over the names of *Messrs. Coovert & Stapleton* and *Mr. Charles A. Cogswell,* with an oral argument by *Mr. Elmer E. Coovert.*

MR. JUSTICE SLATER delivered the opinion of the court.

The plaintiff settled upon the land on September 6, 1886, resided upon and cultivated the same until January 15, 1889, when he regularly made entry at the local land office, paying all fees and excess charges, and obtaining his first receipt, No. 1,166. Thereafter he resided upon and cultivated the same for the full period required by the homestead law, building a house and barn, and making other improvements, such as farming the land and building corrals, and he continued to reside upon, occupy, and farm this land until the trial of the case. He made no final proof because of the contest initiated by the State in 1889, which continued in different forms until all similar contests were combined in the case of *Morrow et al.* v. *State of Oregon,* which was decided in favor of the State, March 16, 1903 (32 Land Dec. Dep. Int. 54), and resulting in the cancellation of plaintiff's entry May 9, 1903. The slight variation of the facts from those in the case of *Morrow* v. *Warner Valley Stock Co.,* 56 Or. 312 (101 Pac. 171), is not such as to vary the application of the

legal principles there announced, which aret conclusive here.

The decree of the lower court will be reversed, and one entered here declaring the plaintiff to be the equitable owner of the land described, and that defendant holds the legal title subject to plaintiff's equity, and require the defendant to convey the legal title to plaintiff by proper deed, executed by its officers, within 90 days from the filing of the mandate in the court below, or in default thereof this decree stand as such conveyance.

Further prosecution is perpetually enjoined.

REVERSED.